IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Dashon Garner,                ) <br>               ) <br>       Petitioner,    ) <br>               ) <br>     vs.              ) <br>               ) <br> Warden Broad River     ) <br> Correctional Institution,    ) <br>               ) <br>       Respondent.  ) <br>               ) | Civil Action No. 6:22-cv-3126-TMC-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, brought this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the district judge.

On February 20, 2026, the respondent filed a motion for summary judgment (doc. 56).  By order of this court filed February 24, 2026, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately (doc. 57).  His response to the motion for summary judgment was due by March 27, 2026.  On April 2, 2026, the petitioner file a motion for extension of time to respond to the motion for summary judgment (doc. 59). The undersigned granted the motion the same day, extending the deadline for the petitioner's response to May 6, 2026 (doc. 60).

On April 9, 2026, the court received a letter from the petitioner regarding a motion for extension of time the petitioner attempted to mail to the court on March 3, 2026,

but which was returned to the petitioner by the South Carolina Department of Corrections. By text order entered April 9, 2026, the undersigned noted that the petitioner later filed the motion for extension of time that the court granted on April 2, 2026. Accordingly, the petitioner's response to the motion for summary judgment had been extended and was due by May 6, 2026 (doc. 63).

On May 6, 2026, the petitioner filed a second motion for extension of time to respond to the motion for summary judgment (doc. 66). The undersigned granted the petitioner's motion the same day, extending the petitioner's deadline to June 5, 2026 (doc. 67). The petitioner failed to file any response to the respondent's motion for summary judgment by that date.

As the petitioner is proceeding *pro se*, the court filed another order on June 10, 2026, giving the petitioner until July 1, 2026, to file his response to the motion for summary judgment (doc. 71). The petitioner was again specifically advised that if he failed to respond, the undersigned would recommend that the district court dismiss this action for failure to prosecute. The petitioner failed to respond.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b)[1] for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;

---

[1] Rule 12 of the Rules Governing Section 2254 Cases states: "The Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)).  These four factors "are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *Id.* at 95–96 (citation omitted).

In the present case, the petitioner is proceeding *pro se*, and he is thus entirely responsible for his actions. The respondent's motion for summary judgment has been pending since February 20, 2026 (doc. 56).  It is solely through the petitioner's neglect, and not that of an attorney, that no response has been filed.  Meanwhile, the respondent is left to wonder when the action will be resolved.[2]  The petitioner has not responded to the respondent's motion for summary judgment or the court's orders requiring him to respond. Accordingly, the undersigned concludes the petitioner has abandoned his lawsuit.  No other reasonable sanctions are available.

Wherefore, based upon the foregoing, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b). The Clerk of Court shall immediately mail this report to the petitioner. If the petitioner notifies the court within the time set forth for filing objections to this report that he wishes to continue with this case and

---

[2] This action has been pending for nearly four years. This court initially dismissed the petition on November 18, 2022, because the petitioner did not bring it into proper form (doc. 10). However, the court later vacated the dismissal under Federal Rule of Civil Procedure Rule 60(b) and granted the petitioner's motion to reopen the case because circumstances surrounding the petitioner's access to mail sent by the court during his transfer between facilities made it unclear whether the petitioner received the court's orders (doc. 30).

complies with the court's previous orders, the Clerk of Court is directed to vacate this report and return this case to the undersigned for further handling. If, however, the petitioner does not file objections or a response to the motion for summary judgment, the Clerk of Court shall forward this report to the district judge for disposition.  Should the district judge adopt this recommendation, the respondent's motion for summary judgment (doc. 56) will be rendered moot.

    IT IS SO RECOMMENDED.

            s/Kevin F. McDonald
            United States Magistrate Judge

July 8, 2026
Greenville, South Carolina

***The attention of the parties is directed to the important notice on the following page.***

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).