**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Dashon Garner, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 6:22-cv-03126-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Warden Broad River Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Dashon Garner, a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action seeking relief pursuant to 28 U.S.C. § 2254.  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings.  The habeas petition in this case was originally dismissed for failure to comply with court orders and for failure to prosecute. (ECF No. 10).  The court, however, granted Petitioner's Rule 60(b) motion to reopen the matter, having concluded that Petitioner had been transferred out of Lee Correctional Facility during the time that the court sent two proper form orders and, therefore, was precluded from complying with such orders.  (ECF No. 30). Petitioner's address was updated, and the action was recommitted to the magistrate judge for further pretrial handling.

On February 20, 2026, Respondent filed a motion for summary judgment (ECF No. 56), and the court then issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment/dismissal procedure and of the possible consequences if he failed to adequately respond to the motion.  (ECF No. 57).  Petitioner was granted three extensions of time to file a response to the motion for summary judgment, extending

the original deadline for responding by approximately three months. (ECF Nos. 60, 63, 67).  When Petitioner still failed to file a response to the motion for summary judgment, the magistrate judge entered an order on June 10, 2026, stating that "[a]s the petitioner has failed to respond to the respondent's motion for summary judgment, it appears to the court that he wishes to abandon this action," and again extending the time to file a response "through July 1, 2026."  (ECF No. 71).  Petitioner was specifically advised that "if he fail[ed] to respond, the [magistrate judge] w[ould] recommend that the district court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, and the dismissal w[ould] be considered an adjudication on the merits." *Id*.  The June 10 order was mailed to Petitioner at the updated address he provided the court, and it was not returned marked "undeliverable". (ECF No. 72).  Thus, Petitioner is presumed to have received the June 10 order. Nonetheless, the additional extension of time has expired, and Petitioner still has not filed a response.

Accordingly, on July 8, 2026, the magistrate judge issued a Report and Recommendation ("Report"), recommending the court dismiss this action for lack of prosecution pursuant to Rule 41(b).  (ECF No. 73).  Again, the Report was mailed to Petitioner at his current address on record with the court. (ECF No. 74).  The Report has not been returned marked undeliverable; thus, the court presumes Petitioner received the Report.  Petitioner was advised of his right to file specific objections to the Report, (ECF No. 73 at 5), but failed to do so.  The time for Petitioner to object to the Report has expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to

which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Petitioner has been given every opportunity to file a response to the motion for summary judgment in a case that was filed nearly four years ago. The court has carefully reviewed the

3

Report and the record under the appropriate standards, as set forth above, and agrees with the findings and conclusions of the magistrate judge and finds no reason to deviate from the magistrate judge's recommended disposition as set forth in the Report.  The court hereby **ADOPTS** the Report (ECF No. 73), which is incorporated fully herein.  Accordingly, for the reasons set forth in the Report, the court hereby **DISMISSES** this action for failure to prosecute.  Respondent's  motion for summary judgment (ECF No. 56) is **DENIED AS MOOT**.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."  Accordingly, the court declines to issue a certificate of appealability as to the issues that were ruled upon in this Order.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
July 29, 2026

4